IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ORLANDO CALHOUN, #145641, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:14cv288-WHA |
| ) | (WO) |
| LEEPOSEY DANIELS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In April 2014, Orlando Calhoun ("Calhoun"), at the time an Alabama inmate at Elmore Correctional Facility, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging the Alabama Board of Pardons and Paroles' ("Board") denial of his parole in May 2012. Doc. No. 1. Because Calhoun, since filing his § 2254 petition, has been granted parole and released from custody, his petition should be dismissed as moot.

**DISCUSSION**

In April 2006, Calhoun was sentenced in the Montgomery County Circuit Court to concurrent terms of 20 years in prison for theft of property in the first degree and possession of a forged instrument in the second degree. Doc. No. 1 at 1. In May 2012, after Calhoun served one-third of his sentence, the Board considered him for, but denied parole.[1] *Id*. at 4-5. Calhoun filed a petition for writ of certiorari with the Montgomery County Circuit Court

---

[1] When denying Calhoun parole, the Board reset him for further parole consideration in May 2015.

challenging the Board's decision.[2]  Doc. No. 10-8.  That petition was denied by the circuit court in July 2013.  Doc. No. 10-10.  Calhoun did not appeal the circuit court's judgment.  He filed the instant § 2254 petition with this court on April 17, 2014.

Records of the Alabama Department of Corrections ("ADOC") submitted by the Respondents reflect that on May 21, 2015, while his § 2254 petition was pending in this court, Calhoun was again considered for parole and, this time, was granted parole.  Doc. No. 15-1.  He was released from ADOC custody on July 6, 2015.  Doc. No. 15 at 2.

> "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002).  A case that is moot must be dismissed because mootness is jurisdictional. *Id*.

*Biester v. Lanier*, 249 F. App'x 782, 783 (11th Cir. 2007).

Here, because Calhoun has been granted parole and released, the court can no longer give him meaningful relief on his claims regarding the Board's 2012 decision denying him parole.  Because no alleged injury can be redressed by a favorable decision, this case is moot.  *See, e.g., Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997) ("Because Munoz has been released ..., we can no longer provide him the primary relief sought in his habeas corpus petition."); *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

Based on the foregoing, the court finds that dismissal of this petition as moot is

---

[2] In Alabama, a petition for a common law writ of certiorari filed in the Circuit Court of Montgomery County is the proper method to challenge a decision by the Board of Pardons and Paroles.  *See Samuels v. Alabama Board of Pardons & Paroles*, 687 So.2d 1287 (Ala. Crim. App. 1996); *Ellard v. State*, 474 So.2d 743 (Ala. Crim. App. 1984), aff'd, 474 So.2d 758 (Ala. 1985).

appropriate, as reaching the merits of the arguments presented would serve no purpose.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED with prejudice as the petition is moot.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve copies on the parties. The parties shall file any objections to this Recommendation on or before August 16, 2016. Any objections filed must specifically identify the factual findings and legal conclusions to which a party objects. Frivolous, conclusive or general objections will not be considered by the district court.

Failure to file written objections to the proposed factual findings and legal issues covered in the Recommendation shall bar a party from a *de novo* determination by the district court of such factual findings and legal issues and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 2nd day of August, 2016.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE